PUBLIC VERSION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |
|---|---|
| **EMA ELECTROMECHANICS, INC.,**<br>**Plaintiff,**<br><br>*v.*<br><br>**SIEMENS CORPORATION and**<br>**SIEMENS INDUSTRY, INC.,**<br>**Defendants.** | **6:21-cv-1001-ADA** |

## MEMORANDUM OPINION & ORDER GRANTING-IN-PART AND
## DENYING-IN-PART DEFENDANTS' MOTION TO DISMISS [ECF No. 11]

Came on for consideration this date is Defendants' Motion to Dismiss Duplicative Lawsuit or, in the alternative, For Failure to State a Claim and For Improper Venue. ECF No. 11 (the "Motion"). The Parties agreed to bifurcate EMA's response to the Motion. ECF No. 12. Plaintiff EMA Electromechanics, Inc. filed its opposition to the Duplicative Lawsuit portion of the Motion on November 15, 2021. ECF No. 13. Defendants Siemens Corporation ("SC") and Siemens Industry, Inc. ("SII") (collectively, "Siemens") replied on November 24, 2021. ECF No. 14. That same day, EMA filed its opposition to the remainder of the Motion, ECF No. 15, to which Siemens replied on December 8, 2021, ECF No. 19.

After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Siemens's Motion to Dismiss.

## I. BACKGROUND

On March 4, 2021, EMA filed an action against Siemens in this Court for infringing U.S. Patent No. 7,724,489 (the "'489 patent"). *See EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-cv-206-ADA (the "First Action"), ECF No. 1 (W.D. Tex. Mar. 4, 2021). EMA accused Siemens's "type SDV-R™ non-arc resistant and type SDV-A-AR™ arc-resistant medium-voltage

PUBLIC VERSION

outdoor distribution circuit breaker products specifically for renewable energy applications" (the "Accused Products") of infringing. *Id.* ¶ 13.

EMA is a Texas corporation with its principal place of business in Sweetwater, Texas. *See id.* ¶ 1. EMA alleges that it was originally founded in Argentina and became "one of the most important manufacturers of electromechanical equipment in Latin America." *Id.* ¶ 9. EMA's president is one of the inventors of the '489 patent and EMA uses that patented technology to make and sells its own products. *See id.* ¶¶ 8–9.

According to EMA, SC is a Delaware corporation headquartered in Washington, D.C. *See id.* ¶ 2. It is a purportedly a U.S. subsidiary of Siemens AG, an international technology company. *See id.* ¶ 12. EMA also alleges that SII is a Delaware corporation with its principal place of business in New Jersey. *Id.* ¶ 3. It is cast as a subsidiary of SC. *See id.* ¶¶ 3, 12.

On May 10, 2021, Siemens filed a motion to dismiss EMA's complaint for lack of subject matter jurisdiction, failure to state a claim, and improper venue. *See* Second Action, ECF No. 14. A portion of that motion directed to subject matter jurisdiction became ripe for judgment on June 14, 2021. *See* Second Action, ECF No. 19. The Parties disputed whether there was a defect in EMA's chain of title to the '489 patent such that EMA lacked standing when it filed suit. *See id.* The Court held a hearing on that issue on September 28, 2021. *See* Second Action, ECF No. 38. At the conclusion of that hearing, EMA filed a separate, second suit—this "Second Action"— almost identical to first. *See* ECF No. 1 (the "Complaint"). This Second Action's Complaint differs from that in the First Action in alleging that EMA executed a *nunc pro tunc* agreement meant to cure the alleged defect in EMA's chain of title. *See id.* ¶ 9.

Two days later, this Court held in abeyance a judgment on the issue of subject matter jurisdiction in the First Action pending discovery on the issue followed by supplemental briefing

and an evidentiary hearing. *See* First Action, ECF No. 39. At the conclusion of supplemental briefing, the Parties waived the evidentiary hearing. *See* First Action, ECF No. 57. And, on December 13, 2021, the Court dismissed without prejudice the First Action for lack of subject matter jurisdiction. *See* First Action, ECF No. 66. The Court did not reach any of the other grounds upon which Siemens sought dismissal. *See id.*

On October 27, 2021, Siemens filed its Motion in this Second Action. *See* ECF No. 11. Siemens first argued that the Second Action should be dismissed because it was duplicative of the First Action. *See id.* at 2–6. It also argued that EMA failed to state a claim for willful and indirect infringement, and that venue was improper over SC. *See id.* at 6–14. While Siemens's first argument became ripe for judgment on November 24, 2021, *see* ECF No. 14, the Court has not been able to pass judgment until now, well after it dismissed the First Action. The other grounds in Siemens's Motion did not become ripe for judgment until December 8, 2021, *see* ECF No. 19.

## II. LEGAL STANDARD

### A.     Motion to Dismiss for Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is "a purely procedural question not pertaining to patent law," and so the law of the Fifth Circuit controls. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). When considering such motions, this Court "accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor." *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021).

Rule 12(b)(6) requires that a complaint contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

1. Willful Infringement

Section 284 of the Patent Act provides that a court may increase damages for patent infringement "up to three times the amount found or assessed." 35 U.S.C. § 284. A party seeking such "enhanced damages" must show that an infringer's conduct has been "willful," or "wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–04 (2016). Enhanced damages should "generally be reserved for egregious cases typified by willful misconduct." *Id.* at 106.

To state a claim for relief for willful patent infringement, a plaintiff must allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc*., No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (quoting *Välinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)).

4

2.   <u>Induced Infringement</u>

Section 271(b) of the Patent Act provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To succeed on such a claim, the patentee must show that the accused infringer (1) knowingly induced direct infringement and (2) possessed "specific intent" to induce that infringement. *See MEMC Electr. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). Willful blindness can satisfy the knowledge requirement, *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016), and circumstantial evidence may suffice to prove specific intent, *MEMC*, 420 F.3d at 1378.

To state a claim for relief for induced patent infringement, "a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376–77 (Fed. Cir. 2017) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)). "[T]here can be no inducement or contributory infringement without an underlying act of direct infringement." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1:14-cv-00134-LY, 2015 U.S. Dist. LEXIS 74262, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015). "To state a claim for indirect infringement . . . a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d at 1336.

3.   <u>Contributory Infringement</u>

Section 271(c) of the Patent Act provides that:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus

> for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(c). Contributory infringement of a patented device involves the sale, offer to sell, or importing of a component of the device, which is "not itself technically covered by the claims of a product or process patent." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990). Unlike induced infringement, contributory infringement requires "only proof of a defendant's *knowledge*, not *intent*, that his activity cause[s] infringement." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990). But "[l]ike induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc*., 575 U.S. 632, 639 (2015).

To state a claim for contributory infringement, "a plaintiff must plausibly allege that the accused infringer knew of the asserted patents . . . and must 'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp*., 735 F. App'x 708, 713 (Fed. Cir. 2018) (first citing *Commil*, 575 U.S. at 639; and then quoting *In re Bill of Lading*, 681 F.3d at 1337).

### B.      Motion to Dismiss for Improper Venue

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3). Section 1400(b) of Title 28 of the U.S.C. is the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017). It provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). In matters unique to patent law, Federal Circuit law—rather

than the law of the regional circuit—applies. *See In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) (citing *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999)). Whether venue is proper under § 1400(b) is just such an issue, so Federal Circuit law governs the substantive questions. *See In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012 (Fed. Cir. 2018). Procedural questions are, however, governed by regional circuit law. *See Bos. Sci. Corp. v. Cook Grp., Inc.*, 269 F. Supp. 3d 229, 236 (D. Del. 2017) (citing *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 610 (Fed. Cir. 2016)).

When the defendant challenges venue in a patent case, "the Plaintiff bears the burden of establishing proper venue." *Id.* at 1013. Plaintiff may carry its burden by establishing facts that, if taken to be true, establish proper venue. *See Castaneda v. Bradzoil, Inc.*, No. 1:20-CV-1039-RP, 2021 WL 1390423, at *1 (W.D. Tex. Apr. 13, 2021). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Id.* (citing *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (*per curiam*)). Furthermore, "the Court may look beyond the complaint to evidence submitted by the parties." *Ambraco, Inc. v. Bossclib, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009); *Ginter v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008).

### III. ANALYSIS

#### A.      Maintaining Two Suits

Siemens argues that this Action must be dismissed on three separate procedural grounds. The Court disagrees on all fronts.

First, Siemens argues that plaintiffs do not have a "right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s]." ECF No. 11 at 2–3 (quoting *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985)).

The Court finds this issue moot given the dismissal of the First Action. Even if it is not, this Court exercises its discretion to maintain this Second Action. *See Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1577 (Fed. Cir. 1991) ("A trial court has discretion to dismiss a complaint which simply duplicates another pending related action.").

Second, Siemens argues that this Action should be dismissed because it "violates the spirit—if not the letter—of the rule against claim splitting." *Id.* at 3. "The rule against claim splitting requires that all claims arising out of a single wrong be presented in one action." *Philpot v. Emmis Operating Co.*, No. 1:18-CV-816-RP, 2019 WL 5149863, at *6 (W.D. Tex. June 25, 2019) (citing *Saldivar v. Austin Indep. Sch. Dist.*, No. A-15-CV-847-SS, 2016 WL 7410744, at *2 (W.D. Tex. Dec. 20, 2016)). Again, the Court believes that this concern has been mooted by dismissal of the First Action.

Third and finally, Siemens argues that the Complaint in this Second Action is essentially an amendment to the complaint in the First Action, and so the Complaint here relates back to the filing date of the First Action—meaning that EMA necessarily lacks standing in this Action as well. ECF No. 11 at 6 (citing Fed. R. Civ. P. 15(c)(1); *Oliney*, 771 F.2d at 859). Siemens primarily relies on *Oliney* for this argument, but the *Oliney* opinion did not hold that the pleadings in the second-filed case related back to the pleadings of the nearly identical first-filed case. It instead stated that *if* the pleadings in the second-filed case had been filed as amendments to pleadings in the first-filed case, they would have related back. 771 F.2d at 859. Yet the scenario did not occur in *Oliney*; nor does it here. The *Oliney* opinion's ruling turned on the plaintiff's violating a local rule requiring it to notify the district court of the second-filed case. 771 F.2d at 859 ("If appellant desired to file a second suit while the first suit was still pending, he should have complied with local rule 2.5 of the Eastern District of Louisiana and had process served to notify the court and

opposing counsel of the new lawsuit so that it could have been properly disposed of if found to be duplicative."). *Olney* is inapposite because Siemens notified the Court of the Second Action not 24 hours after it was filed, depriving EMA of any "meaningful opportunity to notify the Court and the parties." ECF No. 13 at 4 n.6. The Court, therefore, finds Siemens's line of reasoning unpersuasive.

For the foregoing reasons, the Court declines to dismiss this Action on these three procedural grounds. But if EMA appeals the dismissal in the First Action, Siemens has leave to reraise the first two grounds.

### B.      Failure to State a Claim

Siemens argues that EMA's claims for indirect and willful infringement should be dismissed for failing to state a claim upon which relief can be granted. *See* ECF No. 11 at 6–7. To state a claim for indirect and willful infringement, the complaint must allege that the accused infringer has knowledge of the patent and knowledge of its infringement. *See, e.g.*, *BillJCo, LLC v. Apple Inc.*, No. 6:21-cv-00528-ADA, 2022 U.S. Dist. LEXIS 17605, at *12 (W.D. Tex. Feb. 1, 2022). The Complaint alleges that Siemens "had actual knowledge of the '489 patent, and despite notice, has continued to engage in acts of infringement." ECF No. 1 ¶ 27. This merely recites the elements of a willfulness claim. EMA's opposition fails to cite a factual allegation from the Complaint that provides any support for this conclusory allegation.

Because the Complaint does not plead sufficient facts that would support an allegation of pre-suit knowledge, the Court **GRANTS** Siemens's motion to dismiss EMA's indirect and willful infringement claims. Yet the Court recognizes that it may be impossible for EMA to allege SII's pre-suit knowledge of infringement without the benefit of fact discovery. So, in accordance with the Court's usual practice, the Court permits EMA to amend its Complaint after the start of fact

discovery to include indirect and willful infringement claims, if able to elicit sufficient facts to support such allegations.

### C.    Improper Venue

Section 1400(b) provides two avenues for establishing venue. First, venue is proper where the defendant resides. There is no dispute that SC is incorporated in Delaware and, therefore, does not reside in this District. *See* ECF No. 11 at 11. Second, venue is proper where the defendant has (a) committed acts of infringement; *and* (b) has a regular and established place of business. There is also no dispute that SC maintains a regular and established place of business in this District. *See* ECF No. 15 at 3. Rather, Siemens asserts that SC does not commit acts of infringement in this District because it does not make, use, offer for sale, or sell the Accused Products anywhere, let alone this District. ECF No. 11 at 11. It even attaches an affidavit to this effect. ECF No. 11-4. This District is not, Siemens argues, a proper venue for EMA's infringement claims against SC. (Siemens has not challenged venue as to the same claims against SII, SC's subsidiary and co-defendant.)

The Complaint alleges that SC "directly and/or through intermediaries, made, has made, used, imported into the United States, provided, supplied, distributed, sold, and/or offered for sale the [Accused Products] that infringe one or more claims of the '489 patent . . . within this District." ECF No. 1 ¶ 17. It further alleges that SC issued a press release on September 30, 2020, "announcing the expansion of its outdoor distribution circuit breaker product line to include" the Accused Products. ECF No. 1 ¶ 15; *see also* ECF No. 11-6 (the "Press Release"). According to Siemens, it is SII, not SC, that sells the "Accused Products and creates literature, including manuals and brochures, about the Accused Products." ECF No. 11 at 12. The Press Release allegedly lists an SII employee as the contact for journalists and links to another webpage where SII provides

more information on the Accused Products. *See* ECF No. 11 at 12; ECF No. 11-5 (declaration of Allison Britt, Media Relations Professional at SII).

EMA asserts that it has established venue in two ways.[1] First, allegations in the Complaint are sufficient to establish venue. *See* ECF No. 15 at 3–4. Second, venue is proper because evidence shows that SC is "heavily involved in the marketing and promotion of the Accused Products," including within this District. *See* ECF No. 15 at 5. The Court is unconvinced.

### 1. The Court Will Not Accept EMA's Allegations as True

EMA argues that, because the Complaint alleges that SC "made, has made, used, imported into the United States, provided, supplied, distributed, sold, and/or offered for sale" the Accused Products in this District, EMA establishes proper venue. *See* ECF No. 15 at 4. The Court disagrees.

In the 12(b)(3) context, "the majority of circuit courts, including the Fifth Circuit, accept" all of the plaintiff's well-pleaded facts as true, "at least initially." *Kranos IP Corp. v. Riddell, Inc.*, No. 2:17-cv-443-JRG, 2017 U.S. Dist. LEXIS 138108, at *38 (E.D. Tex. Aug. 28, 2017) (collecting cases). *But see Petersen v. Boeing Co.*, 715 F.3d 276, 279 (9th Cir. 2013) ("The non-moving party's pleadings need not be accepted as true, however, and we may consider facts outside the pleadings."). The trend among circuit courts is to accept well-pleaded facts "only to the extent that such facts are uncontroverted by [a] defendant's affidavit." *Pierce v. Shorty Small's*, 137 F.3d 1190, 1192 (10th Cir. 1998) (citing *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990)); *see also Deb v. Sirva, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016) ("Under Rule 12(b)(3), which allows for dismissal for improper venue, the district court assumes the truth of the allegations in the plaintiff's complaint, unless contradicted by the defendant's affidavits."); *Estate*

---

[1] As far as the Court can tell, EMA has not alleged that SII's contacts with this District should be imputed to SC under, for example, an alter ego theory.

of *Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012); *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012).

Neither the Fifth Circuit nor Federal Circuit has grappled with this issue in the 12(b)(3) context. But both courts have opined that, in the 12(b)(2) context, well-pleaded facts are only accepted as true if uncontroverted. *See Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995) ("[W]here the plaintiff's factual allegations 'are not directly controverted, [they] are taken as true for purposes of determining jurisdiction'" (quoting *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1563 (Fed. Cir. 1994))); *Campbell Pet Co. v. Miale*, 542 F.3d 879, 888 (Fed. Cir. 2008); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 211 (5th Cir. 2016) ("We must accept the plaintiff's uncontroverted allegations, and resolve in his favor all conflicts between the facts contained in the parties' affidavits and other documentation." (quoting *Monkton Ins. Servs. Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014))).

Following the trend, this Court will not accept EMA's allegations that SC made, has made, used, imported, sold, and/or offered for sale the Accused Products in this District because Siemens offers a contradictory affidavit. *See* ECF No. 11-4.

EMA relies on a raft of district court jurisprudence purportedly to the contrary, *see* ECF No. 15 at 4 & n.3, but the Court is unmoved. EMA argues that "an allegation of infringement— even if contested—is sufficient to establish venue is proper." ECF No. 15 at 4 (quoting *IV II LLC v. FedEx Corp.*, No. 2:16-cv-00980-JRG, 2017 WL 5630023, at *8 (E.D. Tex. Nov. 22, 2017)). According to EMA, this "widely-accepted rule 'reflects the fact that the issue of infringement is not reached on the merits in considering venue requirements.'" *Id.* (quoting *IV II*, 2017 WL 5630023, at *8). That, however, is not the issue Siemens raises. Siemens does not challenge venue

on the ground that the Accused Products are not infringing—it does so on the ground that SC has not directed an Accused Product to this District.

The litany of authority that EMA leans on includes one opinion discussing this distinction. *See* ECF No. 15 at 4 n.3. In *Funnelcap, Inc. v. Orion Indus., Inc.*, the district court recognized that there is more than one ground upon which a defendant may attack allegations that a defendant committed acts of infringement in the district and, depending on the ground, those allegations may nevertheless suffice to establish venue under § 1400(b). 392 F. Supp. 938, 943 (D. Del. 1975). For example, when an accused infringer challenges venue on the ground that the accused device is noninfringing, courts have found that a plaintiff need not prove its merits case—that the accused device infringes—to establish venue. 392 F. Supp. at 943 (citing *Gunter & Cooke, Inc. v. Southern Elec. Serv. Co*., 256 F. Supp. 639, 648 (D.N.C. 1966)); *see also In re Cordis Corp*., 769 F.2d 733, 737 (Fed. Cir. 1985) ("[T]he issue of infringement is not reached on the merits in considering venue requirements."). When venue is contested on this first ground alone, "an allegation of infringement is itself sufficient to establish venue." 392 F. Supp. at 943.

But that is not necessarily so when the defendant attacks venue by arguing that an allegedly infringing act did not occur within the forum district. According to *Funnelcap*, the difference between these two grounds "is that the issue of infringement is wholly unrelated to the contact of the defendant with the forum district." *Id.* It continues: "Where a defendant has engaged in activity in the forum district which arguably infringes plaintiff's patent, he has the kind of contact with the district which the statute contemplates, regardless of whether his acts are ultimately held to have been legally infringing." *Id.* The court noted that when a defendant challenges the complaint's characterization of its contacts with the forum district, courts demand proof of those contacts. *Id.* (citing *Dow Chemical Co. v. Metlon Corp.*, 281 F.2d 292, 295 (4th Cir. 1960)).

Siemens has, aided by an affidavit, controverted EMA's characterization of SC's contacts related to the Accused Product within this District and so the Court will demand proof from EMA, as in *Funnelcap*. This is consonant with the Fifth and Federal Circuit's approaches to resolving 12(b)(2) motions: (1) a plaintiff's factual allegations are taken as true unless they are directly controverted, *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010); *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 233 (5th Cir. 2016); and (2) if the plaintiff is not afforded an evidentiary hearing, it need only make a prima facie case to establish that jurisdiction is proper, *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003); *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 (5th Cir. 1996). *Cf. DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290–93 (Fed. Cir. 2008) (permitting resolution of a 12(b)(1) motion with disputed facts at the dismissal stage because the subject-matter issue was not sufficiently intertwined with the merits of plaintiff's infringement claim). EMA was not afforded an evidentiary hearing, so it need only make a prima facie case that this District is a proper venue.

2. <u>EMA Has Not Made a Prima Facie Case</u>

EMA's opposition attempts to make its case through evidence that SC: owns and hosts the website advertising the Accused Products; publishes the webpages describing the Accused Products; transmits e-mail communications and advertisements regarding the Accused Products; promotes the marketing and sale of the Accused Products; and ensures that any material regarding the Accused Products have branding consistent with SC's established brand. ECF No. 15 at 4–5. It further alleges that SII and SC share a domain name and customer database. *Id.* at 5. And this customer database identifies dozens of individuals with offices in this District. *Id.* at 6. Email communications regarding the Accused Products purportedly bear a SC copyright notice and emanate from an SC-owned platform. *See id.* at 5. Finally, EMA asserts that it uncovered evidence that Hugo Mena, a VP at an Austin-based business, received, while in this District, an email from

SC promoting the Accused Products. *Id.* at 5–6. Mr. Mena provided a declaration testifying that he "received an email communication from Siemens Corp. advertising/promoting/marketing its new SDV-A-AR and SDV-R circuit breaker products. I did not keep a copy of the email communication but do recall receiving it." ECF No. 16-1 ¶ 3.

This constitutes a prima facie case that SC advertises, markets, and promotes the Accused Products in this District. It is not a prima facie case that SC has committed acts of infringement in this District. After reviewing the promotional documents EMA cites, the Court is not persuaded that they constitute anything more than advertising. And, as the Federal Circuit has held, "mere advertising and promoting of a product may be nothing more than an invitation for offers." *Grp. One, Ltd. v. Hallmark Cards, Inc.*, 254 F.3d 1041, 1048 (Fed. Cir. 2001); *Smith v. Garlock Equip. Co.*, 658 F. App'x 1017, 1029 (Fed. Cir. 2016); *see also NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1380 (Fed. Cir. 2017) (questioning, in the personal jurisdiction context, whether plaintiff's "infringement claim could arise out of or relate to this advertisement because the advertisement does not appear to expressly offer [the accused product] for sale"). There is no indication that SC's advertisements contemplate a price term such that they could be construed as an offer for sale. Mr. Mena's testimony surely does not mention any such terms; his description of the promotional email he received is bereft of any detail. SC's advertisements are merely invitations for offers. *See, e.g.*, *Script Transform, LLC v. Motorola Mobility, LLC*, 522 F. Supp. 3d 414, 417 (N.D. Ill. 2021); *Strategic Operations, Inc. v. Joseph*, No. 17-CV-1539-JLS (NLS), 2018 WL 3833411, at *3 (S.D. Cal. Aug. 13, 2018); *Ductcap Prod., Inc. v. J & S Fabrication, Inc.*, No. CIV091179ADMFLN, 2009 WL 3242022, at *3–*4 (D. Minn. Oct. 2, 2009).

As such, EMA's venue argument turns on conduct that cannot be reasonably cast as infringement. EMA's opposition refuses to even characterize SC's marketing conduct as falling

into any specific category of infringement, such as an offer for sale, betraying the frailty of EMA's position. To that point, EMA failed to respond to Siemens's arguments regarding why this promotional material is not offer for sale; EMA has not explained why SC's conduct is anything more than mere advertising. *See* ECF No. 11 at 12–13.

EMA was afforded three months of venue discovery (in addition to whatever pre-suit diligence it undertook) and yet failed to uncover evidence of SC's involvement in even a single act in this District that could even reasonably be alleged to be infringing. Without that, venue over SC for claims directed to infringing the Accused Products is improper.[2]

## IV. CONCLUSION

It is therefore **ORDERED** that EMA's Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Court **DENIES** EMA's Motion as to Siemens's argument that this Action is duplicative of the First Action. The Court **GRANTS** EMA's Motion as to the 12(b)(3) and 12(b)(6) grounds. The Court's Clerk is directed to dismiss Siemens Corporation as a defendant from this Action. This Action will, however, proceed with the remaining defendant, Siemens Industrial, Inc.

SIGNED this 4th day of February, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[2] As alluded to above, the Court does not find that the stage of the case precludes this decision. It is not uncommon for the Federal Circuit to pass judgment on such issues in other contexts. *See, e.g.*, *3D Sys. v. Aarotech Labs., Inc.*, 160 F.3d 1373 (Fed. Cir. 1998) (reversing grant of 12(b)(2) motion after finding that email constituted an offer for sale); *Marcinkowska v. IMG Worldwide, Inc.*, 342 F. App'x 632, 636 (Fed. Cir. 2009) (affirming grant of 12(b)(6) motion after finding that the accused conduct was not a "use" within the United States).